**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1263

MONLOGNI CLEMENT MITOKPE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A95-221-902)

Submitted:  January 18, 2006          Decided:  February 6, 2006

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Irena I. Karpinski, LAW OFFICES OF IRENA I. KARPINSKI, Washington, D.C., for Petitioner.  Jonathan S. Gasser, United States Attorney, Robert F. Daley, Jr., Assistant United States Attorney, Columbia, South Carolina, for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Monlogni Clement Mitokpe, a native and citizen of Togo, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*] The immigration judge ruled that Mitokpe failed to present sufficient corroborative evidence in support of his claim, and the Board affirmed without opinion pursuant to 8 C.F.R. § 1003.1(e)(4) (2005). Mitokpe contends that his testimony was credible and corroborated and was therefore sufficient to sustain his claim.

To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Mitokpe fails to show that the evidence compels a contrary result. See Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We also reject Mitokpe's argument that he was denied due process by the Board. "In order to prevail on a due process

---

[*]Mitokpe does not challenge the immigration judge's denial of his applications for withholding of removal or protection under the Convention Against Torture. Therefore, these claims are waived. Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

challenge to a deportation or asylum hearing, an alien must demonstrate that he was prejudiced by any such violation." Rusu, 296 F.3d at 320. We have held that the use of a summary affirmance procedure such as that employed by the Board in this case does not violate an alien's right to due process of law. See Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 282-83 (4th Cir. 2004). This claim is without merit.

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED